## Glinsky Appeal

*Edward M. Murphy*, for appellant.
*Philip V. Mattes*, for appellee.

HOBAN, P. J., October 7, 1957.—This is an appeal from the decision of the Lackawanna County Board of Elections refusing to permit the filing of nomination papers and substitute petitioner, Steve Glinsky, as a candidate for the office of councilman in the second ward of the Borough of Throop, this county, in lieu of Francis Homnick, who had been nominated for the said office at the primary election held May 21, 1957, and whose nomination was subsequently withdrawn by appropriate action. The county board filed a motion to quash the appeal. This motion being in the nature of a demurrer, the facts well pleaded in the petition for appeal must be taken as admitted.

The essential facts are as follows:

After the withdrawal of the candidate nominated at the primary election, the Executive Committee of the

Lackawanna County Republican Committee, on September 9, 1957, approved the substitution of Steve Glinsky as the nominee of the Republican party for the office in question. No question is raised in the motion to quash as to the propriety of such action, or as to the authority of the Republican Party Executive Committee. A representative of the committee, shortly before 4 p.m. on September 11, 1957, appeared at the office of the county board of elections to file certain other substituted nomination certificates and then informed the chief clerk for the county board that shortly after 4 p.m. an additional substituted nomination certificate would be filed for Steve Glinsky. The chief clerk thereupon advised the committee representative that the office of the Lackawanna County Board of Elections would close at 4 p.m. on that day and that no nomination certificates filed thereafter would be accepted. The office was duly closed at 4 p.m. Some time thereafter, prior to 4:08 p.m., the committee representative went to the office with Glinsky's nomination certificate, found the office closed but by some means, not mentioned in the petition, put the petition into the office. On September 12, 1957, the said petition was returned by the chief clerk for the county board to the chairman of the Republican County Committee with a letter stating that the reason for returning the petition was that it was not filed with the county board of elections within the time prescribed by law. On September 17, 1957, the county board of elections in formal meeting affirmed the action of the chief clerk and rejected the nomination certificate. This appeal and the motion to quash followed.

We are of the opinion that the word "day" as understood in the statute, which requires filing on or before a given date, means that portion of the calendar day which comprises the ordinary and customary business hours of the office in question. Most of the cases in

which filing nunc pro tunc has been permitted after the expiration of the filing date, or the day on which certain actions are prescribed to be done according to a statutory directive, are those in which the factual situation shows that the negligence, omission or fault of the officer or officers concerned prohibit the completion of the act or the filing of the notice within the prescribed time. In this case no reason has been averred which in our opinion would excuse the failure to file within the normal business hours of the office of the county board of elections. It is a conceded fact that the action of the Republican County Executive Committee approving the substituted nomination was accomplished at least two days before the last date for filing, and the representative who attempted to file the papers was warned prior to the closing time of the office that nominations received after that time would not be accepted. From the admitted facts we cannot ascribe any fault or negligence to the county board of elections or its employes, nor has appellant advanced any legal reason for excusing his delay in filing his certificate of substituted nomination.

It seems to be the theory of appellant that because the specific paragraph of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, sec. 981, as amended, 25 PS §2941, which provides the limit of time for filing substituted nomination certificates, does not specifically refer to the ordinary business hours of the office, that the substituted candidate or the party certifying his nomination ought to have the entire 24-hour period from midnight to midnight of the day in question in order to present the certificate for filing, and that the county board of elections is bound to keep its office open during such time in order to receive such certificates. The argument is that since other sections of the election code, particularly section 914, 25 PS §2874, do contain such specific references to business

hours of the office, that the legislature means to make a serious distinction between the various situations involved. We cannot so read the code. If such an interpretation were to prevail, one can think of dozens of other situations involving various public offices for filing of records which would practically force offices to remain open for a 24-hour period. We do not think the legislature intended any such result and accordingly we hold that the attempt to file a substituted nomination certificate for appellant came too late and that the county board of elections was not required to accept this or any other certificate received on the last day for filing after the close of the normal business day of the county board, which for years has been 4 p.m.

Appellant lays some stress upon the effect of a decision in County Commissioner Substituted Nomination Case, 383 Pa. 372, in which the Supreme Court held that the requirement of the code, providing that the filing of a substituted nomination certificate by a political party where the duly nominated candidate of the party died after the primaries was to be made prior to the date in which the printing of the ballots commenced, was a directory rather than a mandatory provision, and that the county board of elections could be compelled to receive such a certificate at any time within which it could correct the ballots, even though printing had commenced. But the Supreme Court in that case specifically pointed out that "the question does not arise with respect to a substituted nomination for a vacancy created by the *withdrawal* of a nominee. Sections 978 and 981(a) of the Election Code, as amended, specifically apply to such a contingency": 383 Pa. 372, 377.

We are accordingly of the opinion that these provisions of the code with reference to the prescribed time for filing substituted nomination certificates, where candidates previously nominated have withdrawn, are mandatory and, in accordance with our

reasoning above, we hold that such petition must be filed within the normal, usual and customary business hours of the proper office for filing such certificates. It is hornbook law that where it is mandatory for legal actions to be taken within a prescribed time, the courts are without authority to vary that time. Accordingly we sustain the motion to quash.

Now, October 7, 1957, the motion to quash the appeal of Steve Glinsky from the action of the Lackawanna County Board of Elections is sustained and the appeal is dismissed.